# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRIANA LOTT,**

    **Plaintiff,**

  v.            Case No. 18-CV-1706

**REPOSSESSORS, INC.,**

    **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION TO STAY AND DENYING DEFENDANT'S MOTION TO DISMISS

This action is one of two proceedings relating to the repossession of Briana Lott's car. As part of her loan with Credit Acceptance Corporation, Lott agreed to arbitrate any dispute with Credit Acceptance. She and Credit Acceptance also agreed that, if either elected to pursue arbitration, it gave up its right to have that dispute resolved by a court. (ECF No. 21 at 4.)

Lott initiated an arbitration action against Credit Acceptance. However, she did not have an arbitration agreement with Repossessors, Inc., the entity that physically repossessed her car. Thus, Lott initiated this lawsuit against Repossessors. But she also named Repossessors in the arbitration and, in the words of Repossessors, asserted

"virtually the same allegations she has presented in her amended complaint (ECF #15) here." (ECF No. 21 at 2.) Repossessors agreed to participate in the arbitration.

Repossessors argues that, as with her claims against Credit Acceptance, by agreeing to arbitrate her claim against Repossessors, Lott has given up any right to later assert that claim against Repossessors in federal court. Therefore, it argues that this case ought to be dismissed. (ECF No. 21.) Lott argues that the court must stay this action rather than dismiss it. (ECF No. 18.)

The Court of Appeals for the Seventh Circuit has said that "the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) (quoting *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 732 n.7 (7th Cir. 2005)); *Kroll v. Doctor's Assocs.*, 3 F.3d 1167, 1172 (7th Cir. 1993); *see also* 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement ….").

"But that general approach has given way in cases where the entire dispute clearly will be decided in arbitration and thus there is no reason to hold on to the case."

*Wallace v. GrubHub Holdings Inc.*, No. 18 C 4538, 2019 U.S. Dist. LEXIS 52629, at *14 (N.D. Ill. Mar. 28, 2019) (citing *Johnson v. Orkin, LLC*, 928 F. Supp. 2d 989, 1008-09 (N.D. Ill. 2013)); *see also CMFG Life Ins. Co. v. Goldman, Sachs & Co.*, No. 13-cv-575-wmc, 2014 U.S. Dist. LEXIS 15456, at *3 (W.D. Wis. Feb. 7, 2014) (citing *Villalobos v. EZCorp, Inc.*, No. 12-cv-852-slc, 2013 U.S. Dist. LEXIS 97998, 2013 WL 3732875, at *8 (W.D. Wis. Jul. 15, 2013)). "Although it has not expressed outright approval of this approach, the Seventh Circuit has repeatedly affirmed dismissals where the entirety of the action must be resolved in arbitration." *Wallace*, 2019 U.S. Dist. LEXIS 52629, at *15 (citing *Johnson v. Orkin, LLC*, 556 Fed. App'x. 543, 544 (7th Cir. 2014) (nonprecedential disposition); *Baumann v. Finish Line, Inc.*, 421 Fed. App'x. 632, 636 (7th Cir. 2011) (nonprecedential disposition); *Am. Int'l Specialty Lines Ins. Co. v. Elec. Data Sys. Corp.*, 347 F.3d 665, 668 (7th Cir. 2003); *McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 679 (7th Cir. 2002)); *see also CMFG Life Ins. Co.*, 2014 U.S. Dist. LEXIS 15456, at *3 (citing *Felland v. Clifton*, No. 10-cv-664-slc, 2013 U.S. Dist. LEXIS 100197, 2013 WL 3778967, at *11 (W.D. Wis. Jul. 18, 2013) (collecting cases)); *Tupper v. Bally Total Fitness Holding Corp.*, 186 F. Supp. 2d 981, 992-93 (E.D. Wis. 2002).

Repossessors argues dismissal is appropriate to ensure it "is not forced to participate in and incur the expense involved with the arbitration, only then to have a stay lifted and have to face the same dispute and additional or repetitive proceedings again in this court." (ECF No. 21 at 4.) If Lott and Repossessors agreed to have a claim settled through arbitration, that claim cannot be relitigated in court. But dismissal is

appropriate only if the court can be confident that the entirety of the parties' dispute will be resolved in the arbitration. Repossessors has failed to prove that this will be the case. Because the court cannot be certain that the entirety of the dispute between Lott and Repossessors will be resolved in the arbitration, the court finds it necessary to apply the default rule expressed in *Halim* and stay this action rather than dismiss it.

Therefore, the court **grants** Lott's motion to stay. (ECF No. 18.) Within **28 days** of the completion of arbitration, Lott shall advise the court whether she wishes to proceed with this action or whether it should be dismissed. If the arbitration is not resolved within one year of the date of this order, Lott shall notify the court no later than **May 1, 2020** as to the status of the arbitration proceedings. Failure to timely notify the court will result in this action being dismissed without further notice to the parties.

The Clerk shall administratively close this action.

Repossessors' motion to dismiss (ECF No. 20) is **denied**.

Lott's request for sanctions (ECF No. 23) is **denied**.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 30th day of April, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge